SABINA SCHATZINGER, EXECUTRIX, ESTATE OF BERNHARD SCHATZINGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11383. Promulgated July 16, 1928.

*L. L. Campbell, Esq.*, for the petitioner.
*Maxwell E. McDowell, Esq.*, for the respondent.

1354

## OPINION.

VAN FOSSAN: The stipulation entered into at the hearing from which, and the pleadings, our findings of fact are made, disposes of all issues but one, and that a question of law. The one issue requiring consideration here is whether or not the deficiency in personal income taxes due by the decedent for the taxable year 1919, in the sum of $33,591.72, which was assessed against the estate in January, 1925, is an allowable deduction in computing the net estate subject to the estate tax.

Section 403 of the Revenue Act of 1921, so far as material here, provides that for the purpose of the estate tax the value of the net estate shall be determined:

(a) In the case of a resident, by deducting from the value of the gross estate—

(1) Such amounts for funeral expenses, administration expenses, *claims against the estate* \* \* \* as are allowed by the laws of the jurisdiction \* \* \* under which the estate is being administered, but not including any income taxes upon income *received after the death of the decedent*, or any estate, succession, legacy, or inheritance taxes. (Italics ours.)

Section 303 (a) (1) of the 1924 Act contains substantially the same provisions.

It is not essential to the allowance of deductions under the foregoing provisions that the amounts claimed shall have been paid or even allowed by the estate. Whether or not the claims have been paid or allowed by the estate is immaterial in determining the allowability of the deduction for such claims in computing the net estate subject to Federal estate taxes. *Samuel E. A. Stern, et al.*, 2 B. T. A. 102; and *Charles B. Shelton, et al.*, 3 B. T. A. 809.

The estate of a deceased person is liable for Federal income taxes due from its decedent for a taxable year prior to his death, which remain unpaid at the date of his death, and the assessment of a deficiency in such taxes against the estate is beyond question such a claim against the estate as may be "allowed by the laws of the jurisdiction \* \* \* under which the estate is being administered."

The deficiency in income taxes of this decedent for the taxable year 1919 in the sum of $33,591.72 assessed against the estate is a liability of and a claim against the estate, and the amount thereof clearly is an allowable deduction in computing the net estate under the above cited provision of the Revenue Act, even though the same has not yet been paid. The respondent erred in refusing to allow this deduction.

The parties, by stipulation, agreed that the sum of $15,000, allowable from the estate under the laws of Ohio for one year's support and maintenance of the decedent's widow, and the sum of $5,500, for attorney's fees and expenses due from the estate, are proper and allowable deductions in computing the net estate subject to the Federal estate tax, in addition to the deductions already allowed by the respondent.

The deficiency, if any, shall be redetermined in accordance with this opinion and findings of fact.

*Judgment will be entered under Rule 50.*